# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02127-DME-CBS

KATHLEEN MILLS,

        Plaintiff,

v.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, a corporation,
and
STEPHEN MILLS, an individual,

        Defendants.

---

## MEMORANDUM OPINION AND ORDER

---

Before the Court are Defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. Nos. 12 and 14) and Defendant Stephen Mills's motion for attorney's fees under Fed. R. Civ. P. 11 (Doc. 12). The Court heard oral argument on the motions on December 13, 2011. The Court, having considered the parties' arguments and the relevant legal authorities and being fully advised in the premises, GRANTS both motions to dismiss, and DISMISSES Plaintiff's complaint with prejudice. The Court DENIES without prejudice Defendant Stephen Mills's motion for attorney's fees.

## I.      BACKGROUND

Plaintiff Kathleen Mills ("Mills") filed her First Amended Complaint on August 17, 2011, against Defendants Prudential Insurance Company of America ("Prudential") and Stephen Mills ("Stephen"). Mills seeks a declaration that she is the rightful beneficiary of her deceased husband's life insurance policy under the Servicemember's Group Life Insurance Act ("SGLIA"

or "Act"), 38 U.S.C. § 1965 et seq.  Defendant Prudential is the insurer.  Defendant Stephen, a resident of Colorado, is the named beneficiary, to whom partial payments have been made under the policy.

Mills and decedent H. Roger Mills, a Chief Warrant Officer, 2nd Class, in the United States Army ("Officer Mills"), were married sometime before August 2005 and resided in Ohio. As a member of the armed services, Officer Mills held a SGLIA policy in the amount of $400,000.  The policy was issued by Defendant Prudential.  Officer Mills named Mills as beneficiary of his SGLIA policy.  In August 2005, Officer Mills initiated divorce proceedings in the Court of Common Pleas in Ashtabula County, Ohio.  Early in those proceedings, Officer Mills moved the state court, ex parte, to issue restraining orders that would, as relevant here, during the pendency of the divorce, restrain Officer Mills and Mills from

> terminating, removing, or in any way limiting any interest or benefit of [Officer Mills] or [Mills], in any life insurance or medical insurance and any benefits thereto, and from terminating, removing or limiting [Officer Mills] and/or [Mills] as a beneficiary or insured under any life insurance or medical insurance policy either owned by either or in which they have an interest.

Doc. 23, att. 1, at 2.  The state court granted the motion and entered the requested restraining order.  In February 2009, with the divorce proceedings still pending and the restraining order still in effect, Officer Mills changed the beneficiary of his SGLIA policy from Mills to his brother, Stephen.  Officer Mills died in a military training accident in October 2010, with the divorce proceedings still pending.  On June 16, 2011, on the joint motion of Mills and Officer Mills's estate, the Ashtabula County Court of Common Pleas dismissed the divorce action and vacated all its prior restraining orders.

Mills learned of the change of beneficiary after Officer Mills's death and attempted, unsuccessfully, to prevent Prudential from paying benefits to Stephen.  Mills brought this

diversity suit, seeking a declaration that she is the rightful beneficiary of the SGLIA policy, and

asserting a breach of contract claim against Prudential, an unjust enrichment claim against

Stephen, and conversion claims against both defendants.

Each defendant has moved to dismiss under Rule 12(b)(6), arguing that Mills's state-law

claims, which rest upon the Ohio court's restraining order in the now-dismissed divorce action,

are pre-empted by SGLIA.

## II.   DISCUSSION

### A.   Standard of Review

In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court

"accept[s] all the well-pleaded allegations of the complaint as true" and "construe[s] them in the

light most favorable to the plaintiff."  David v. City & Cnty. of Denver, 101 F.3d 1344, 1352

(10th Cir. 1996).  The Court must decide "whether the complaint contains 'enough facts to state

a claim to relief that is plausible on its face.'"  Ridge at Red Hawk, L.L.C. v. Schneider, 493

F.3d 1174, 1177 (10th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563

(2007)).  "The plausibility standard is not akin to a probability requirement, but it asks for more

than a sheer possibility that a defendant has acted unlawfully."  Ashcroft v. Iqbal, 129 S.Ct.

1937, 1949 (2009) (internal citation and quotation marks omitted). "[T]he complaint must give

the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual

support for these claims." Ridge at Red Hawk, L.L.C., 493 F.3d at 1177.

In evaluating the plausibility of a given claim, the Court "need not accept conclusory

allegations" without supporting factual averments.  S. Disposal, Inc. v. Tex. Waste Mgmt., 161

F.3d 1259, 1262 (10th Cir.1998).  Further "the tenet that a court must accept as true all of the

allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of

the elements of a cause of action, supported by mere conclusory statements, do not suffice."

Iqbal, 129 S. Ct. at 1949.

**B.      Servicemember's Group Life Insurance Act**

Congress enacted SGLIA in 1965, out of concern for the increased difficulty faced by

members of the armed forces in obtaining life insurance coverage.  See Ridgway, 454 U.S. at 50.

SGLIA directs the Administrator of Veterans' Affairs to purchase coverage from an eligible

insurer.  38 U.S.C. § 1966(a).  Service members are presumptively enrolled unless they opt out;

premiums are deducted from service members' paychecks.  Id. §§ 1967(a); 1969(b).  The current

default amount of coverage for a service member is $400,000.  Id. § 1967(a)(3)(A)(i).

SGLIA privileges the right of the service member to designate any person or entity as a

beneficiary.  The Act provides a hierarchy of priority in determining the proper payee of benefits

under a SGLIA policy.  First in line is "the beneficiary or beneficiaries as the member . . . may

have designated by a writing received prior to death . . . ."  Id. § 1970(a).  Only where no such

beneficiary is named do the proceeds of the policy go to the service member's surviving spouse.

If there is no surviving spouse, the proceeds go to the children or other descendants; if none, then

to biological parents; if none, then to the executor of the service member's estate; if none, then to

next of kin.  Id.  Under the implementing regulations promulgated by the Department of

Veterans Affairs, a service member may change the designated beneficiary "at any time and

without notice to the previous beneficiary."  38 C.F.R. § 9.4(b).  If the service member is

married, and names someone other than a spouse or child as beneficiary, then the Secretary of

the relevant branch of service is required to make a "good faith effort" to notify the spouse in

writing.  38 U.S.C. § 1967(f)(3), (4).  Failure to notify, however, does not void the service

member's designation of a new beneficiary.  Id. § 1967(f)(4).  Under the statute, a service

member forfeits his right to insurance only in extreme circumstances, such as being guilty of
treason or being lawfully executed for commission of a crime or military offense.  See id.
§ 1973.  SGLIA also contains an anti-attachment provision, which provides that insurance
proceeds are exempt from taxation and from the claims of creditors, and may not be attached,
levied upon, or seized "under any legal or equitable process whatever, either before or after
receipt by the beneficiary."  Id. § 1970(g).

**B.      Plaintiff Mills's state-law claims are preempted**

The Supreme Court has interpreted SGLIA and its implementing regulations to confer
upon service members "an absolute right to designate the policy beneficiary," and to preempt
state law to the contrary.  Ridgway, 454 U.S. at 59, 60.  Unlike community property, the right to
designate a SGLIA beneficiary is "personal to the member alone," and "not subject to the
interests of another."  Id. at 60.

In Ridgway, a deceased service member's ex-wife sued the service member's widow
over his SGLIA benefits.  The ex-wife had been the named beneficiary prior to her divorce from
the decedent.  The divorce decree provided that the service member was to keep in force all life
insurance policies then in effect (including the SGLIA policy), for the benefit of the divorced
couple's three minor children.  Four months after the divorce was finalized, the service member
remarried, and changed the beneficiary designation on his SGLIA policy such that there was no
named beneficiary, and the benefits would be distributed "by law," meaning according to the
statutory hierarchy of 38 U.S.C. § 1970(a).  Under this "by law" designation, the service
member's widow received the benefits.  The ex-wife sued, seeking a constructive trust on the
insurance proceeds paid to the widow, for the benefit of the children.  The Supreme Judicial
Court of Maine imposed such a trust.  See 454 U.S. at 50.

The Supreme Court reversed, finding that the service member's right to name a beneficiary was "absolute," id. at 59, even in the face of a contrary, and apparently "negotiated," divorce settlement, id. at 48, and that the imposition of a constructive trust under state law was inconsistent with SGLIA's anti-attachment provision, id. at 60.  Congress's intent in enacting SGLIA, Ridgway held, was to provide service members with life insurance coverage that would otherwise be difficult for them to procure, id. at 50; to give service members "freedom of choice" with respect to naming beneficiaries, id. at 56; and to ensure that SGLIA policy proceeds, a large portion of which "may be attributable to general tax revenues," would be paid to the insured's beneficiary of choice, id. at 57.  This federally conferred "power to create and change a beneficiary interest in [a] SGLIA insurance [policy] . . . prevail[s] over and displace[s] inconsistent state law."  Id. at 60.

The Tenth Circuit has recognized SGLIA's preemptive force as well.  See Brewer v. Zawrotny, 978 F.2d 1204 (10th Cir. 1992); Rice v. Office of Servicemembers' Grp. Life Ins., 260 F.3d 1240 (10th Cir. 2007).  In Brewer, the Court held that the proceeds of a service member's SGLIA policy must be paid to his ex-wife, who remained the named beneficiary after her divorce from the service member, notwithstanding Oklahoma statutory law providing that all insurance provisions in favor of former spouses were automatically revoked upon divorce.  "Application of Oklahoma law would result in the proceeds going to [the service member's] estate; application of federal law would result in the proceeds going to [the ex-wife].  Accordingly, the two statutes are in conflict, and federal law preempts application of the Oklahoma statute."  978 F.2d at 1206.  SGLIA must be construed "strictly to preempt application of a state law which would result in the distribution of insurance proceeds to persons other than those designated by the insured."  Id.  Brewer recognized that "Congress intended to establish an

inflexible rule that the beneficiary designated in accordance with the statute would receive the policy proceeds." Id. (quoting Stribling v. United States, 419 F.2d 1350, 1354 (8th Cir. 1969)). "The purposes of SGLIA are best served by strict compliance with the provisions enacted by Congress." Id.

Mills's breach of contract claim against Prudential, her unjust enrichment claim against Stephen, and her conversion claims against both defendants all rest upon her assertion that she is the rightful beneficiary and that Officer Mills's change of beneficiary was void. Mills's argument is that Officer Mills waived his right to designate a new beneficiary by entering into the restraining order in the now-moot divorce action, and that the new designation is void because it violated the restraining order. Mills further argues that application of Ohio waiver law would not be inconsistent with SGLIA, as that federal statute contains no prohibition on waiver, but Mills misapprehends the nature of the conflict between Ohio law and federal law. Application of Ohio law—whether a finding of waiver or a finding that the change was void because of the Ohio restraining order—would result in the proceeds going to Mills, while application of federal law—i.e., recognizing the service member's "absolute right" to change a beneficiary, see Ridgway, 454 U.S. at 59—would result in the proceeds going to Stephen. Accordingly, there is a conflict, and federal law prevails. See Brewer, 978 F.2d at 1206. Although Mills argues that these waiver and fraud principles are "well established in both state and federal law," Doc. 27 at 2, Mills fails to identify any federal case or statute supporting her arguments.

Moreover, even if Mills could pursue state-law fraud claims with respect to Officer Mills's change of beneficiary—a possibility left open by Ridgway, see 454 U.S. at 59—such claims would lie not against Prudential or Stephen, but against Officer Mills or, in this case, his

estate.  And even if Mills succeeded in obtaining a judgment against the estate, the statute expressly protects the proceeds of Officer Mills's SGLIA policy from the claims of creditors, including prohibiting attachment, levy, or seizure "under any legal or equitable process whatever, either before or after receipt by the beneficiary."  38 U.S.C. § 1970(g).

In sum, Plaintiff Mills's claims for breach of contract, conversion, and unjust enrichment are preempted and are accordingly dismissed for failure to state a claim upon which relief can be granted.

**C.      Plaintiff Mills's claim for declaratory judgment fails**

Even construing Mills's complaint in the light most favorable to Mills, the complaint does not contain "enough facts to state a claim [for declaratory judgment] that is plausible on its face."  Ridge at Red Hawk, 493 F.3d at 1177 (quoting Twombly, 550 U.S. at 563).  Mills relies on state law to defeat the service member's right under SGLIA and its implementing regulations to change the designated beneficiary, but conflicting state law must yield to SGLIA's preemptive force.  See Ridgway, 454 U.S. at 59; Brewer, 978 F.2d at 1206; Rice, 260 F.3d at 1246 ("We note also that SGLI statute . . . preempts state law determining the right to a policy's proceeds.").  The allegations in Mills's complaint, even taken as true, do not state a plausible claim that she is the rightful beneficiary.  Mills therefore fails to state a claim for declaratory judgment.

**D.      Stephen Mills's Motion for Attorney's Fees**

In his motion to dismiss (Doc. 12), Stephen also moves this Court for an award of costs and attorney's fees pursuant to Fed. R. Civ. P. 11.  The basis for this motion, apparently, is that Plaintiff Mills's "complaint is without merit, fails to state a claim for relief, and should be denied with prejudice."  Doc. 12 at 4.  The motion is deficient and is DENIED without prejudice.

Rule 11 of the Federal Rules of Civil Procedure requires all court filings to be signed by the attorney of record for a represented party. Fed. R. Civ. P. 11(a). The rule further provides that presentation of a pleading to a court is a representation that the pleading is not presented for an improper purpose; that the claims are nonfrivolous; and that the factual contentions, or denials thereof, have evidentiary support. Id. at 11(b). An attorney, law firm, or party who violates this rule may be sanctioned sua sponte by the court, or a party may move for sanctions. Id. at 11(c)(1), (2). The motion for sanctions "must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Id. at 11(c)(2). In addition, the local rules of the District of Colorado require a motion for attorney's fees to be supported by one or more affidavits, and to contain a "detailed description of the services rendered, the amount of time spent, the hourly rate, and the total amount claimed," as well as a "summary of relevant qualifications and experience." D.C.COLO.LCivR. 54.3.

Stephen's motion for attorney's fees under Rule 11 was not made separately from any other motion, nor does it describe any specific conduct, by Mills, her counsel, or anyone else, that allegedly violates Rule 11(b). It includes no affidavits nor any specifics regarding the fees sought. The motion thus fails to comply with Rule 11(c)(2) and D.C.COLO.LCivR. 54.3 and is DENIED without prejudice. See Espinoza v. Am. Family Mut. Ins. Co., Civ. No. 08-cv-00709-REB-MEH, 2008 WL 4538833, at *1 (D. Colo. Oct. 7, 2008) (motion for Rule 11 sanctions fails when not made separately); cf. Williamson v. Recovery Ltd. P'ship, 542 F.3d 43, 51-52 (2d Cir. 2008) (no Rule 11 hearing required where movant failed to comply with rule's procedural requirements); Martens v. Thomann, 273 F.3d 159, 178-79 (2d. Cir. 2001) (abuse of discretion to impose Rule 11 sanctions where procedural requirements were not met).

### III.    CONCLUSION

The Court HEREBY ORDERS as follows:

1.      Defendant Prudential Insurance Company of America's motion to dismiss (Doc. 14) is GRANTED.

2.      Defendant Stephen Mills's motion to dismiss (Doc. 12) is GRANTED.

3.      Plaintiff Mills's First Amended Complaint (Doc. 2) is DISMISSED with prejudice.

4.      Defendant Stephen Mills's motion for attorney's fees (Doc. 12) is DENIED without prejudice.

5.      All parties shall bear their own fees and costs.

Dated this ____17th____ day of April, 2012.

                                        BY THE COURT:

                                        *s/ David M. Ebel*
                                        _____
                                        U. S. CIRCUIT COURT JUDGE
                                        DISTRICT OF COLORADO