**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-02127-DME-CBS

KATHLEEN MILLS,

       Plaintiff,

v.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, a corporation,
and
STEPHEN MILLS, an individual,

       Defendants.

---

**ORDER DENYING MOTION FOR LEAVE TO FILE
MOTION FOR ATTORNEY'S FEES**

---

Before the Court is Defendant Stephen Mills's "Motion for Leave to File Motion for Attorneys' Fees Pursuant to C.R.S. § 13-17-201" (Doc. 52), and his proposed "Motion for Attorneys' Fees Pursuant to C.R.S. § 13-17-201" (Doc. 53), both of which he filed on June 27, 2012. For the reasons that follow, the Court DENIES the motion for leave to file and DENIES the motion for fees as moot.

### I.   BACKGROUND

In this diversity action, Plaintiff Kathleen Mills ("Plaintiff") sued Prudential and her former brother-in-law, Stephen Mills ("Mills") (collectively, "Defendants") over the proceeds of her deceased husband's life insurance policy under the Servicemen's Group Life Insurance Act. Plaintiff brought state law claims and sought a declaratory judgment that she is the rightful beneficiary. On motion by Defendants, the Court dismissed the complaint under Fed. R. Civ. P.

12(b)(6), because the state law claims were preempted and the declaratory judgment claim necessarily failed. (Doc. 40.)

At that time, the Court also denied Mills's motion for attorney's fees, which he made pursuant to Rule 11, simultaneous with his motion to dismiss. The Court found the attorney's fee motion deficient and denied it without prejudice. The Court ordered the action dismissed and ordered each side to bear its own fees and costs. The Clerk entered final judgment the same day, April 17, 2012. Plaintiff timely filed notice of appeal on May 17, 2012. On June 27, 2012, Mills filed the instant motion.

## II.   DISCUSSION

**A.   Mills's motion is untimely and no court order provides otherwise**

The Federal Rules of Civil Procedure provide that

> A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.
>
> . . .
>
> Unless a statute or court order provides otherwise, the motion must[] be filed no later than 14 days after the entry of judgment.

Fed. R. Civ. P. 54(d)(2). Final judgment in this case entered on April 17, 2012. Under Rule 54, then, Mills had until May 1, 2012, to file his motion for attorney's fees. He did not file the instant motion until June 27, 2012. Mills does not argue that any statute or court order extended his time to file, nor is there any such statute or court order.

**B.   Mills has not demonstrated excusable neglect**

The court may, "for good cause, extend the time [for filing] . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The term "excusable neglect" appears in many federal rules. See, e.g., Fed. R. App.

2

P. 4(a)(5) (extension of time to file civil appeals); Fed. R. App. P. 4(b)(4) (extension of time to file criminal appeals); Fed. R. Civ. P. 60(b)(1) (grounds for relief from a judgment or order); Fed. R. Bankr. P. 9006(b)(1) (enlargement of time to perform any required act). The Supreme Court, in Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380 (1993), addressed the meaning of "excusable neglect" in Bankruptcy Rule 9006(b).

> The [Pioneer] Court held that the determination whether a party's neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Such circumstances include "[1] the danger of prejudice to the [nonmoving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith."

United States v. Torres, 372 F.3d 1159, 1162 (10th Cir. 2004) (quoting Pioneer, 507 U.S. at 395). In Torres, the Tenth Circuit extended Pioneer's standard for excusable neglect to the context of Fed. R. App. P. 4(b)(4). While noting that the Pioneer Court contemplated the possibility that the term might have different meanings in different federal rules, the Torres court nevertheless concluded that "absent some specific reason to depart from Pioneer, we should follow the Supreme Court's lead." Torres, 372 F.3d at 1162. And in Quigley v. Rosenthal, interpreting Fed. R. Civ. P. 6(b), the Tenth Circuit held that the district court did not abuse its discretion when it denied the prevailing party's untimely motion for attorney's fees for failure to show excusable neglect, citing both Pioneer and Torres. See Quigley, 427 F.3d 1232, 1237-38 (10th Cir. 2005). Finally, in LaAsmar v. Phelps Dodge Corp. Life, Accidental Death & Dismemberment & Dependent Life Ins. Plan, 605 F.3d 789, 816 (10th Cir. 2010), the Tenth Circuit affirmed the district court's refusal to address a party's request for fees where the party failed to comply with any of Rule 54(d)'s procedural requirements.

Applying the Pioneer factors here, the Court concludes that they do not support a finding of excusable neglect. Mills's motion is nearly two months late, and he offers no acceptable

excuse for the delay.  "[F]ault in the delay remains a very important factor—perhaps the most important single factor—in determining whether neglect is excusable."  Torres, 372 F.3d at 1163.

Charitably interpreted, Mills' motion for leave to file gives three potential reasons for the delay, and none rises to the level of excusable neglect.  First, Mills claims that he was confused by this Court's order dismissing the case, because that order stated that each side would bear its own fees and costs.  Mills asserts that he was not sure whether an award of fees was available.  Doc. 52 at 5.  Even so, the denial of Mills's initial motion for fees was "without prejudice," which should have suggested to Mills that the Court would entertain a new motion that was properly supported.  Mills (or at least his counsel) is assumed to have been well aware of Rule 54's mandatory deadline (a fee claim "must be made by motion," and "must be filed no later than 14 days after the entry of judgment").  Even if Mills was uncertain about his ability to seek fees, he should have erred on the side of timely filing, or at least sought clarification within Rule 54(d)(2)'s 14-day deadline.

Second, Mills appears to argue that "further analysis of the case law" indicated that the award of fees is mandatory under Colorado law, thus, apparently, clearing up his confusion over the Court's order.  But Mills does not argue, nor could he, that recent developments in Colorado law excuse his late filing, and indeed there does not appear to be anything confusing or unclear about the Colorado statute he invokes.[1]  Just as the Tenth Circuit does not consider "ignorance of

---

[1] Colo. Rev. Stat. § 13-17-201 was enacted in 1987, has never been amended, and reads as follows:

> In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney

(continued)

4

the rules, and mistakes construing the rules" to be "excusable neglect" for purposes of permitting late-filed attorney's fee motions, see Quigley, 427 F.3d at 1238, this Court does not believe that late-realized legal epiphanies regarding statutes constitute "excusable neglect." Mills cites no law in support of this proposition, and the Court finds none. Cf. Torres, 372 F.3d at 1163-64 ("Counsel's misinterpretation of a readily accessible, unambiguous rule cannot be grounds for relief unless the word excusable is to be read out of the rule.").

Third, Mills suggests that his delay should be excused because since the Court's order of dismissal, he "has devoted time and resources . . . to reaching a final resolution of this matter without the need for litigation of Plaintiff's appeal." Doc. 52 at 5. Mills' desire to avoid future litigation is understandable, but not relevant to the question of excusable neglect. This matter reached a "final resolution" when this Court ordered the action dismissed and the Clerk entered final judgment. That final judgment started the 14-day clock for Mills to file a motion for attorney's fees. Again, Mills cites no law to support the proposition that a prevailing litigant's efforts to persuade the loser not to appeal should excuse a late Rule 54 motion.

Indeed, the law of this district, while unpublished, suggests the contrary. See Precision Fitness Equip., Inc. v. Nautilus, Inc., No. 08-cv-01228-CMA-KLM, 2009 WL 2169361, at *4 (D. Colo. July 20, 2009) (unreported) (rejecting party's argument that failure to file a response because of settlement discussions constituted excusable neglect); QFA Royalties LLC v. Liberty

---

fees in defending the action. This section shall not apply if a motion under rule 12(b) of the Colorado rules of civil procedure is treated as a motion for summary judgment and disposed of as provided in rule 56 of the Colorado rules of civil procedure.

The Court expresses no opinion as to whether or to what extent this statute actually warrants a fee award in this case. The Court simply observes that there have been no recent sea changes in the application of this law, and certainly nothing of moment has occurred since final judgment in this case entered on April 17, 2012.

Holding Grp., Inc., No. 06-cv-00948-LTB-MEH, 2007 WL 2071633, at *2 (D. Colo. July 16, 2007) (unreported) ("[T]he parties['] ongoing settlement discussion did not excuse the [defendant's] responsibility to file a responsive pleading . . . ."). These cases are unpublished and involve the failure to file responsive pleadings, but their general reasoning—that settlement negotiations do not toll time limits under the Federal Rules—is persuasive and finds expression in the District of Colorado's local rules. Under those rules, the only way to alter the time limitations provided the Federal Rules of Civil Procedure is to stipulate to an extension, before the expiration of the time limit. See D.C.COLO.LCivR 6.1. Moreover, Plaintiff's notice of appeal was docketed on May 17, 2012. Mills had therefore been aware, for nearly six weeks, that his efforts to avoid an appeal were unsuccessful before he filed the instant motion.

  Mills's other arguments are similarly unpersuasive. Mills argues that his fee motion should be allowed because Plaintiff "has long had notice that Mr. Mills intended to seek his attorneys' fees upon successfully securing dismissal of the case." Doc. 52 at 4. He asserts further that because his entitlement to fees stands or falls on the correctness of this Court's earlier dismissal of Plaintiff's complaint, that Plaintiff is not prejudiced by his late filing. Id. at 4-5. Even if these assertions are true, they fail to explain why Mills could not timely move for an award of fees. A determination of excusable neglect requires examination of "all relevant circumstances," Pioneer, 507 U.S. at 395, and the absence of prejudice is only one such factor. Standing alone, absence of prejudice does not constitute excusable neglect. See Bender v. Freed, 436 F.3d 747, 750 (7th Cir. 2006) (rejecting argument that late filing should be excused because opponent had early notice that fees would be sought) ("This is not a legal argument; it is an appeal to fairness based upon an asserted absence of prejudice, but without a corresponding claim that compliance with the deadline imposed by Rule 54(d)(2) was impossible or

impracticable or . . . for some reason excusable. We are not persuaded. The [defendant] missed the deadline under Rule 54(d)(2) and offers no reason for having done so."), cited with approval in LaAsmar, 605 F.3d at 816.

Finally, the bulk of Mills's motion is an argument that the policy considerations underlying Colorado's fee-award statute outweigh the policy considerations animating Rule 54. This also has no legal bearing on the question of excusable neglect. As with the argument that Plaintiff is not prejudiced, this is at best merely "an appeal to fairness," Bender, 436 F.3d at 750, that does not address the more important question of why Mills could not file his motion timely. See Torres, 372 F.3d at 1163 ("[F]ault in the delay [is] perhaps the most important single factor . . . .").

Accordingly, "taking account of all relevant circumstances surrounding the party's omission," Pioneer, 507 U.S. at 395, the Court concludes that Mills simply failed to meet the deadline of Rule 54(d)(2), and that his failure was not the result of excusable neglect.

### III.   CONCLUSION

Defendant Stephen Mills's "Motion for Leave to File Motion for Attorneys' Fees" (Doc. 52) is DENIED. The "Motion for Attorneys' Fees" (Doc. 53) is DENIED as moot.

Dated this   5th   day of   July  , 2012.

BY THE COURT:

*s/ David M. Ebel*

U. S. CIRCUIT COURT JUDGE
DISTRICT OF COLORADO