**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:11-cv-02127-DME-CBS

KATHLEEN MILLS,

      Plaintiff,

v.

PRUDENTIAL INSURANCE COMPANY OF AMERICA, a corporation;
STEPHEN MILLS, an individual,

      Defendants.

---

**ORDER DENYING WITHOUT PREJUDICE STEPHEN MILLS' MOTION FOR APPELLATE ATTORNEY'S FEES**

---

This matter is before the Court on Defendant Stephen Mills' motion for an award of appellate attorney's fees (Doc. 59). As explained below, the Court DENIES that motion for failure to comply with D.C.Colo.LCivR 54.3(B), but without prejudice to Stephen Mills filing a new motion, within fourteen days, that complies with Rule 54.3.

The Tenth Circuit affirmed the dismissal of Plaintiff Kathleen Mills' action asserted against Defendants Prudential Life Insurance Company of America and Stephen Mills. See Mills v. Prudential Life Ins. Co. of Am., 513 F. App'x 713 (10th Cir.), cert. denied, 134 S. Ct. 174 (2013). The Court of Appeals then granted Stephen Mills appellate attorney's fees under Colo. Rev. Stat. § 13-17-201 and remanded the case to this Court for a determination of the amount of fees to which Stephen Mills is entitled. See Mills v. Prudential Ins. Co. of Am., No. 12-1208, Order at 1 (10th Cir. Apr. 25, 2013).

Before this Court, Stephen Mills has filed a motion seeking $4,508 in appeal-related attorney's fees. Kathleen Mills opposes this motion, for three reasons. First, she contends that Stephen Mills cannot recover appellate attorney's fees under Colo. Rev. Stat. § 13-17-201. But the Tenth Circuit has already determined that he can. See Mills, 12-1208, Apr. 25, 2013 Order at 1.

Next, Kathleen Mills argues that Stephen Mills has failed to specify which portion of the appellate legal fees he incurred were related to the dismissal of Kathleen Mills' Colorado tort claims, as opposed to the dismissal of her other claims. This Court, however, in dismissing Kathleen Mills' action, concluded that all of her claims stemmed from the same theory: that she was the rightful beneficiary of the life insurance policy that Prudential issued her husband, Chief Warrant Officer H. Roger Mills. This court dismissed all of Kathleen Mills' claims for the same reason, that her theory was preempted by federal law. See Torres v. Am. Family Mut. Ins. Co., 606 F. Supp. 2d 1286, 1292 (D. Colo. 2009) (holding Colo. Rev. Stat. § 13-17-201 applies where district court dismisses action, which included tort and non-tort claims, under Rule 12). The Tenth Circuit affirmed dismissal of Kathleen Mills' action on that basis. Further, in granting Stephen Mills' motion for appellate attorney's fees, the Tenth Circuit rejected Kathleen Mills' argument that Stephen Mills was not entitled to an award of fees under Colo. Rev. Stat. § 13-17-201 because her appeal was limited only to the dismissal of her declaratory judgment claim. See Mills, No. 12-1208, Apr. 25, 2013 Order at 1. For these reasons, Stephen Mills, on remand, did not need to apportion the fees he incurred on appeal between the different claims that Kathleen Mills had initially alleged.

Lastly, Kathleen Mills contends that Stephen Mills has failed to document adequately the appellate legal fees he is requesting. The Court agrees.

The District of Colorado's local rule 54.3(B)(1) requires a movant seeking attorney's fees, "for each person for whom fees are claimed," to provide "a detailed description of the services rendered, the amount of time spent, the hourly rate, and the total amount claimed." Here, Stephen Mills' motion and the affidavit of his lead counsel failed to indicate, for each of the four attorneys for whose work fees are sought, exactly what tasks each attorney performed and how much time each attorney spent on those specific tasks. Without such information, this Court cannot determine the reasonableness of Stephen Mills' fee request.

Rule 54.3(B)(2) also requires a movant seeking attorney's fees to provide, "for each person for whom fees are claimed, . . . a summary of relevant qualifications and experience." Neither Stephen Mills' motion nor lead counsel's affidavit provided this for each of the attorneys for whose work Mills seeks to recover.

Accordingly, the Court DENIES Stephen Mills' motion for appellate attorney's fees (Doc. 59), but does so without prejudice to his filing another motion for appeal-related fees that complies with Rule 54.3, within fourteen days from the date this order is entered. Kathleen Mills will then have twenty-one days to respond to that motion, and Stephen Mills may then, if he wishes, file a reply in support of his motion within fourteen days after Kathleen Mills' response. See D.C.Colo.LCivR 7.1(C).

Dated this __6th__ day of _____December_____, 2013.

BY THE COURT:

*s/ David M. Ebel*

_____
U. S. CIRCUIT COURT JUDGE