IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:11-cv-02127-DME-CBS

KATHLEEN MILLS,

      Plaintiff,

v.

PRUDENTIAL INSURANCE COMPANY OF AMERICA, a corporation;
STEPHEN MILLS, an individual,

      Defendants.

---

**ORDER GRANTING APPELLATE ATTORNEYS' FEES TO STEPHEN MILLS**

---

This matter comes before the Court on Defendant Stephen Mills' Renewed Motion for an Award of Appellate Attorneys' Fees (Doc. 65).  The Court GRANTS that motion.

### I.  Background

Plaintiff Kathleen Mills sued Defendants Prudential Insurance Company of America and Stephen Mills.  Defendants prevailed when this Court dismissed Kathleen Mills' action pursuant to Fed. R. Civ. P. 12(b)(6).  See Mills v. Prudential Life Ins. Co. of Am., 856 F. Supp. 2d 1218, 1220 (D. Colo. 2012).  The Tenth Circuit affirmed, see Mills v. Prudential Life. Ins. Co. of Am., 513 F. App'x 713, 714 (10th Cir. 2013) (unpublished), cert denied, 134 S. Ct. 174 (2013), and then granted Stephen Mills "an award of reasonable appeal-related attorney's fees" under Colo. Rev. Stat. § 13-17-201, Mills v. Prudential Ins. Co. of Am., No. 12-1208, Order at 1 (10th Cir. Apr. 25, 2013).  The Tenth

Circuit remanded this case for this Court to determine the amount of fees to be awarded. Id.

Stephen Mills filed an initial motion for appellate fees with this Court, which the Court dismissed as deficient but without prejudice to his refiling an adequate fee motion. Before the Court now is Stephen Mills' renewed appellate fee motion, requesting an award of $6,253.50 in appellate attorneys' fees.

**II. Kathleen Mills' objections to the fees requested**

Kathleen Mills objects only to the amount of fees requested, on four bases. First, she objects to Stephen Mills' request for fees incurred, not to defend Kathleen Mills' appeal, but instead to review the petition for certiorari that she filed in the United States Supreme Court after losing her appeal. Because the Tenth Circuit's award of "appeal-related attorney's fees" is broad enough to encompass these fees and because Colo. Rev. Stat. § 13-17-201 provides that Stephen Mills "shall" recover his attorneys' fees "in defending this action," the Court rejects Kathleen Mills' first objection.

Next, Kathleen Mills argues that Stephen Mills cannot recover attorneys' fees incurred for the preparation of the initial, deficient appellate fee motion that he filed with this Court.[1] That first motion was deficient because Stephen Mills failed to provide this Court with enough information, as required by D.C.Colo.LCivR 54.3(B), to rule on the motion. He has now provided that additional information to the Court in his renewed fee motion. That information, when combined with the first fee motion, adequately documents his appellate fee request. The attorneys' fees he requests specifically for

---

[1] Kathleen Mills does not argue that Stephen Mills generally cannot recover fees incurred for pursuing a fee award under Colo. Rev. Stat. § 13-17-201.

2

the preparation of his appellate fee motions reflect the cumulative legal work necessary to present the fee request properly to this Court.  Further, the requested attorneys' fees related to the fee motions are reasonable; they do not reflect unnecessary or excessive charges, or charges for redundant legal work.  The Court, therefore, declines to reduce the amount of attorneys' fees Stephen Mills has requested for the preparation of the two appellate fee motions he filed with this Court.

Kathleen Mills' third objection to the fee request is that the total amount of fees requested is unreasonable because Stephen Mills is seeking more fees for pursuing his fee motions than he is seeking for defending Kathleen Mills' appeal.  That being said, Kathleen Mills does not challenge as unreasonable the fees requested for any specific legal service.  And it is logical that Stephen Mills did not incur more significant attorneys' fees for defending against Kathleen Mills' appeal because he joined the appellate brief submitted by his Co-defendant Prudential.  Comparing the fees Stephen Mills is seeking for defending the appeal with those he is seeking for pursuing a fee award does not, then, suggest that the total amount of fees Stephen Mills is requesting is unreasonable.

Lastly, Kathleen Mills contends that the series of three affidavits Stephen Mills submitted in support of his appellate fee request are unreliable because they are inconsistent.  Stephen Mills submitted three affidavits from his attorneys in support of his appellate fee request, each detailing the amount of time his attorneys spent defending Kathleen Mills' appeal and seeking attorneys' fees for that work.  Stephen Mills submitted the first affidavit to the Tenth Circuit, in March 2013.  He submitted the other two affidavits to this Court, one in May 2013 and one in December 2013.  There

are discrepancies in the amount of time documented in the three affidavits. But Stephen Mills explained that those discrepancies reflect either additional relevant legal work or errors in the original fee calculations. Kathleen Mills does not specifically challenge those explanations, which are adequate to support awarding fees in the amounts set forth in the latest affidavit filed with this Court in December 2013. See Brokers' Choice of Am., Inc. v. NBC Universal, Inc., No. 09-cv-00717-CMA-BNB, 2011 WL 3568165, at *2 (D. Colo. Aug. 15, 2011) (unreported) (noting that, "[a]lthough courts are obligated to exclude hours not reasonably expended from the fee award, courts need not 'identify and justify every hour allowed or disallowed,'" quoting Malloy v. Monahan, 73 F.3d 1012, 1018 (10th Cir. 1996)); see also Fox v. Vice, 131 S. Ct. 2205, 2216 (2011) ("The essential goal in fee shifting . . . is to do rough justice, not to achieve auditing perfection.").

### III.  Conclusion

In addition to addressing and rejecting each of Kathleen Mills' objections to the amount of appellate attorneys' fees Stephen Mills has requested, the Court has also considered the reasonableness of the fee request under the factors set forth in Ramos v. Lamm, 713 F.2d 546, 552-59 (10th Cir. 1983), overruled in part by Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 483 U.S. 711, 714-15, 717 n.4, 724-25 (1987) (rejecting enhancement of fee award for "contingency of success"). See Shrader v. Beann, 503 F. App'x 650, 655 (10th Cir. 2012) (unpublished), cert. denied, 134 S. Ct. 102 (2013). Having done so, the Court finds that the appellate attorneys' fees that Stephen Mills has requested, $6,253.50, are reasonable.

Accordingly, the Court GRANTS the renewed motion for appellate attorneys' fees (Doc. 65), awarding Stephen Mills $6,253.50 in appeal-related attorneys' fees.

Dated this __11th__ day of _____February_____, 2014.

BY THE COURT:

*s/ David M. Ebel*

U. S. CIRCUIT COURT JUDGE